IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELIZABETH ROMERO, ANSELMO NAVARRO, REBECCA HIDALGO, JASON RIVERA, ROBERT TORRES, IGNACIO GOMEZ, SOPHIA WILLIAMS, ROCHELLE WALKER BRADFORD BROWN, LIZ SALAZAR, <br><br> Plaintiff(s), <br><br> vs. <br><br> MI COCINA LTD, all individually and d/b/a MI COCINA, TACO FANATICO, and M CROWD RESTAURANT GROUP, M CROWD GP, LLC, and M CROWD RESTAURANT GROUP, INC., d/b/a MI COCINA, TACO DINER, and THE MERCURY GRILL, LTD <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO: <br> § JURY § § § § § § § § § § § § § § § |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFFS ELIZABETH ROMERO, ANSELMO NAVARRO, REBECCA HIDALGO, JASON RIVERA, ROBERT TORRES, IGNACIO GOMEZ, SOPHIA WILLIAMS,

ROCHELLE WALKER, BRADFORD BROWN, LIZ SALAZAR, ("Plaintiffs"), file this Original Complaint, and would respectfully show the following:

## NATURE OF THE ACTION

The current Complaint is derived from *Gomez, et al. v Mi Cocina, et al.*, Cause No. 3:14-2934, filed on August 15, 2014. On March 4, 2015, the Honorable Jorge Solis conditionally certified the case as an FLSA collective action. Dkt. 123. The court further ordered that the relevant notice period run from August 15, 2011 to March 4, 2015. The case was ultimately comprised of 301 named and opt-in Plaintiffs consisting of waiters, bartenders, bussers, and hostesses from 29 restaurant locations. On August 4, 2017, the Honorable Sam Lindsay decertified the collective action. Dkt. 620. However, the Court provided a 45-day tolling period for opt-ins to refile their claims individually. *Id*. Thus, each individual Plaintiff named here refiles their claims under this Complaint. Plaintiffs individually allege Defendants violated the FLSA and assert they are owed for unpaid minimum wage, overtime, and wages owed for any tip credit violations.

The Complaint is timely filed and any claims should be tolled back to the original date each individual Plaintiff filed their notice of consent to join.

## PARTIES

1(a). Plaintiff, ELIZABETH ROMERO ("ROMERO"), is an individual residing in Dallas County, Texas. She is a covered employee of Defendants within the meaning of the FLSA.

(b). Plaintiff, ANSELMO NAVARRO ("NAVARRO"), is an individual residing in Dallas County, Texas. She is a covered employee of Defendants within the meaning of the FLSA.

(c). Plaintiff, REBECCA HIDALGO ("HIDALGO"), is an individual residing in Dallas County, Texas. She is a covered employee of Defendants within the meaning of the FLSA.

(d). Plaintiff, JASON RIVERA ("RIVERA"), is an individual residing in Dallas County, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(e). Plaintiff, ROBERT TORRES ("TORRES"), is an individual residing in Dallas County, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(f). Plaintiff, IGNACIO GOMEZ ("GOMEZ"), is an individual residing in Dallas County, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(g). Plaintiff, SOPHIA WILLIAMS ("WILLIAMS"), is an individual residing in Dallas County, Texas.  She is a covered employee of Defendants within the meaning of the FLSA.

(h). Plaintiff, ROCHELLE WALKER ("WALKER"), is an individual residing in Dallas County, Texas.  She is a covered employee of Defendants within the meaning of the FLSA.

(i). Plaintiff, BRADFORD BROWN ("BROWN"), is an individual residing in Dallas, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(j). Plaintiff, LIZ SALAZAR ("TURNER"), is an individual residing in Dallas, Texas.  She is a covered employee of Defendants within the meaning of the FLSA.

2 (a). Defendant, MI COCINA LTD. ("MI COCINA"), is a Texas Domestic Limited Partnership, with its principal place of business in Dallas County, Texas.  MI COCINA LTD. does business as Mi Cocina, Taco Fanatico, and M Crowd Restaurant Group, and may be served with summons by serving its registered agent, Rob Biberos at 350 E. Royal Lane, Building 4, STE 126, Irving, TX 75039.

(b). Defendant, M CROWD GP, LLC ("M CROWD GP"), is a Texas Domestic Limited Liability Company, with its principal place of business in Dallas County, Texas.  M Crowd GP may be served with summons by serving its registered agent, CT Corporation, at 1999 Bryan St., STE 900, Dallas, TX 75201-3136.

(c). Defendant, M CROWD RESTAURANT GROUP, INC., ("M CROWD"), is a Texas Domestic For-Profit Corporation, with its principal place of business in Dallas County, Texas.

M CROWD does business as Mi Cocina, Taco Diner and The Mercury and may be served with summons by serving its registered agent, CT Corporation, at 1999 Bryan St., STE 900, Dallas, TX 75201-3136.

## VENUE

3. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district and Defendants have their principal place of business in this division and judicial district.

## JURISDICTION

4. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

5. (a). ROMERO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Mi Cocina Lakewood. She was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, minimum wage for all hours worked, and overtime wages for all hours worked. Defendants further required Plaintiffs to work off the clock. Plaintiff worked 40 hours or more per week during her employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required her to spend 20% or more time performing non-tipped related work.

(b). NAVARRO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Mi Cocina Lakewood. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required him to spend 20% or more time performing non-tipped related work.

 (c). HIDALGO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Mi Cocina Lakewood. She was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times her regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from her tips for credit card fee charges, and required her to spend 20% or more time performing non-tipped related work.

(d).  RIVERA worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Mi Cocina Lakewood. He was entitled to be paid for each hour worked.  Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(e).  TORRES worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server and busser at Mi Cocina Lakewood. He was entitled to be paid for each hour worked.  Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit

card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(f). GOMEZ worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Mi Cocina Lakewood. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required him to spend 20% or more time performing non-tipped related work.

(g). WILLIAMS worked for Defendants between the relevant time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a hostess. Defendants failed to pay Plaintiff for all hours worked and deprived Plaintiff of her weekly tips which resulted in a minimum wage violation in one or more weeks.

(h). WALKER worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Mi Cocina Lakewood. She was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times her regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from her tips for credit card fee charges, and required her to spend 20% or more time performing non-tipped related work.

(h). BROWN worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Mi Cocina Lakewood and Mi Cocina Atlanta during his employment. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(i). SALAZAR worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Mi Cocina Lakewood. She was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times her regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not

pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from her tips for credit card fee charges, and required her to spend 20% or more time performing non-tipped related work.

## STATEMENT OF CAUSES OF ACTION

6. Defendants are an "employer" as to PLAINTIFFS ELIZABETH ROMERO, ANSELMO NAVARRO, REBECCA HIDALGO, JASON RIVERA, ROBERT TORRES, IGNACIO GOMEZ, SOPHIA WILLIAMS, ROCHELLE WALKER, BRADFORD BROWN, LIZ SALAZAR, within the meaning of FLSA, 29 U.S.C. § 203(d), are individually and collectively an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendants constitute an enterprise within the meaning of the FLSA. Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fact in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, or selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. During Plaintiffs employment, Defendants, operated several in state and out of state restaurants under Mi Cocina, Taco Diner, & the Mercury.

7. Plaintiffs were hired to work at Mi Cocina Lakewood located at 6332 La Vista Dr,

Dallas, TX 75214.

8. Plaintiffs were service staff tipped employees, including waiters, bartenders, and bussers.

9. Plaintiffs' primary job duties were those of a non-exempt employee under the FLSA.

10. Defendants failed to pay Plaintiffs for all hours worked and did not pay each individual Plaintiff named 1.5 times their regular hourly rate for hours worked in excess of forty (40) hours each week. Specifically, Defendants required Plaintiffs to work off the clock and/or improperly edited their hours to reduce time in Defendants' time keeping system. Under the FLSA Plaintiffs and other non-exempt employees must be paid time and one-half for all hours they work in excess of forty (40) in a given work week. Defendants conduct was a violation of 29 U.S.C. § 206-207.

11. Moreover, as a practice, Defendants required Plaintiffs to spend more than 20% of their shift performing side work duties that were not incidental to a position of server, bartender, or busser. Plaintiffs were paid $2.13 per hour to perform these job functions or forced to do the work off the clock.

12. Additionally, Defendants maintained a wage deduction policy requiring Plaintiffs' and other tipped employees' to pay cost of damaged supplies, customer walk outs ("dine and dash"), or loss of money to the restaurant causing Plaintiffs to earn less than minimum wage. Defendants routinely deducted these amounts from the employees' cash tips.

13. Defendants require its waiters/waitresses, bus boys, hostesses, and bartenders to participate in a tip pool. Waiters, waitresses, bartenders, and hostesses receive their cash tips on a daily basis, while bus boys receive their tip share on a weekly basis. Defendants calculate the amount of credit card tips and cash tips and determines the total amount of cash tips each employees should receive for the night. Defendants have withheld a percentage of credit card tips received by Plaintiffs and other tipped employees to cover the cost of processing credit card

transactions by customers who pay for their food or beverage by credit card. Additionally, each waiter and waitress have been required by Defendants' policy to contribute 3% of their tips from the night to a tip pool, which is then distributed to bartenders, bus boys, and hostesses at the end of the night.

14. In accordance with Defendants' policy or practice, Plaintiffs participated in a tip pool. Defendants tip pool does not meet the requirements of a valid tip pool because Defendants did not allow Plaintiffs and other tipped employees to keep all of their earned tips. Defendants required Plaintiffs and other tipped employees to participate in a tip pool arrangement in which they were advised that a portion of their tips would go to bus boys and other tipped employees at the end of the evening; however, a portion of those tips went to management and other ineligible employees in violation of section 3(m) of the FLSA.

15. Defendants also failed to inform each individual Plaintiff of its intention to take the "tip credit." Specifically, Defendants' management and supervisors failed to inform Plaintiffs of the "tip credit" or the "tip credit" amount. They further failed to notify any of the Plaintiffs that Defendants would use their tips to make up the difference between the $2.13 per hour that Plaintiffs are paid and the full minimum wage.

## VIOLATION OF THE FLSA

16. Plaintiffs incorporate the factual allegations under paragraphs recited above and would show that Defendants are liable to them for all unpaid hours worked, overtime compensation, off the clock, time for work performed outside of their job duties where they were compensated less than those who normally perform those job functions, a refund of the tip credit under the FLSA for failing to inform of FLSA tip credit requirements, and for distributing part of the money from the tip pool to ineligible employees.

17. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for

Defendants to believe each individual Plaintiff named were exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Plaintiffs in accordance with the requirements of the FLSA.

18. Plaintiffs seek, and are entitled to, a recovery of liquidated damages on their claims under the FLSA.

## ATTORNEY'S FEES

19. Defendants' refusal to abide by their statutory obligations to Plaintiffs has made it necessary for Plaintiffs to employ the undersigned attorneys to file this lawsuit. As such, Plaintiffs request the Court to award a reasonable fee, pursuant to the FLSA, for their attorneys' services rendered, and to be rendered herein, as well as expenses and court costs

## JURY DEMAND

20. Plaintiffs demand a jury on all issues to be tried in this matter.

## PRAYER

21. WHEREFORE, Plaintiffs pray that Defendants be summoned to appear, and that on final trial of this matter, Plaintiffs be granted relief as follows:

(a)  Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b)  Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c)  Judgment directing Defendants to pay Plaintiffs and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d)  Costs of suit and reasonable attorney's fees;

(e)  Prejudgment and post-judgment interest as provided by law; and

(f)  Such other and further relief, in law and in equity, to which Plaintiffs and such other plaintiffs may be justly entitled.

Respectfully submitted,

**AI LEGAL GROUP, PLLC**

**/S/ CAROLINE IBIRONKE**
_____
Caroline A. Ibironke
TBA #24050803
RHODA B. APPIAH-BOATENG
TBA #24049814
6060 North Central Expressway STE 560
Dallas, Texas 75206
Tel.:    866-496-5015
Fax:    866-496-5041
e-mail: caroline@ailegalgroup.com
e-mail: Rhoda@ailegalgroup.com

**ATTORNEYS FOR PLAINTIFF**